## Staunton.

### SHIRLEY V. RICE AND ALS.

#### October 2, 1884.

1. EQUITY JURISDICTION AND RELIEF—*Mistake.*—Though a court of equity will correct a mistake in an agreement for the sale or purchase of real estate, yet the existence of the mistake must be clearly established, else the court will decline to interfere. *Mauzy* v. *Sellars,* 26 Gratt. 641; *Watson* v. *Hoy,* 28 Gratt. 698; *Yost* v. *Mallicote,* 77 Va. 610.

2. CONTRACTS—*Parol Evidence.*—Whenever a contract has once been reduced to writing, parol evidence of prior or contemporaneous oral statements by the parties, varying the contract as written, is inadmissible.

3. JUDICIAL SALES—*Purchaser—Estoppel.*—A purchaser at a judicial sale becomes a *quasi* party to the suit. If he stands silent and suffers to be confirmed without objection, the sale to himself, and also a sale to another, and makes no complaint until the land last referred to has been conveyed for value to a third party, he is not entitled to be heard asking for the correction of an alleged·mistake; certainly he would be estopped *quoad* such third party.

4. PRACTICE IN CHANCERY—*Report of Sale—Addendum.*—Where sale is reported by three commissioners and one of them makes and signs an *addendum* to their report, such *addendum* is no part of the report nor of the record; and vendee from purchaser at said sale, though notified of the suit and its proceedings, is unaffected by anything in such *addendum.*

5. IDEM—*Case at Bar.*—Decree prescribes sale in parcels, but no reservations of rights of way in favor of one parcel over another. Sale is so advertised. But auctioneer proclaims such reservation. R. buys one parcel; S. another, expecting right of way over R's parcel. Three commissioners file report in 1879, incorporating memoranda, signed by R. and S., respectively, of the terms of their purchases. The report and memoranda alluded not to any such right of way. Sale is confirmed. One of the commissioners is directed to convey the land. He conveys

the lands to R. and to S. without reserving to S. any such right of way over R's land, though that commissioner acting solely, had previously made and signed an *addendum* to report of sale to the effect that right of way was reserved over R.'s land in favor of S. In 1882, R., for value, conveyed his land to K. In 1883, S. filed petition alleging the failure to reserve said right of way, had resulted from a *mistake* which he prayed the court to correct. His petition was rejected. On appeal—

HELD—(*by a majority of the court*):

1. Parol evidence inadmissible to vary the memorandum S. had signed.

2. The *addendum* no part of the report or of the record, and K. unaffected by it.

3. S. not to be heard to complain of alleged mistake after delaying complaint until sale was confirmed, and third party had acquired rights.

HELD (*by Lacy and Fauntleroy, Js.*):

That S. had purchased the right of way; had been deprived of it by a mistake of the commissioner who executed the conveyance, and that the mistake should be corrected.

Appeal from decrees of circuit court of Shenandoah county, rendered 17th April, 1883, and 20th September, 1883, respectively, in cause of Patterson & Brooks against Rice and others. Samuel P. Shirley and John E. Rice purchased adjacent parcels of the land sold in 1879, under a decree in said suit. Shirley considered that he had purchased with his parcel of land a right of way over that which Rice had bought. But the commissioner, who made the conveyance, failed to reserve the said right of way through mistake, as Shirley alleged. In 1883 Rice conveyed his land to Koiner for valuable consideration and without reservation. Koiner refused Shirley right of way over his land. In April, 1883, Shirley filed in said suit his petition, alleging his claim to the right of way, and the mistake whereby he had been deprived of it, and prayed that the court correct the conveyance to Rice, so as to reserve his right of way, or to allow him an abatement from the purchase money for the loss thereof. Court below refused to entertain that prayer of the petition, but recommitted the cause to a master to inquire what abatement, if any, should be made.

In November, 1883, he presented a bill of review, which was rejected. Shirley appealed. The facts are fully stated in the opinion of Lewis, P.

*H. V. Strayer* and *W. Liggett,* for the appellant.

*H. C. Allen* and *M. L. Walton,* for the appellees.

Lewis, P., delivered the opinion of the court:

The appellant was the purchaser of a certain parcel of land under the decree of the circuit court of Shenandoah county. The terms and conditions of sale were prescribed by the decree and were duly advertised. They were known to the appellant when he bid for the land and were referred to in the written memorandum of sale which he signed on the day the sale was made. That memorandum, along with a similar memorandum, signed by the appellee, Rice, who became the purchaser, under the same decree, of an adjacent parcel of land, was returned by the commissioners, with their report of sale and asked to be read as a part of their report. The court confirmed the report, and thereby confirmed the sale upon the terms as advertised and reported. There was no reservation of a right of way over the land purchased by the appellee in the decree of sale, or in the advertisement of sale, or in the written memoranda of the purchasers, or in the decree of confirmation. The only reference to any such reservation is in what is called "the supplemental report," which was signed by one only of the five commissioners of sale and which does not appear to have been treated as a part of the report or in any way to have been noticed by the court, either in the decree of confirmation or otherwise. Such was the condition of the record when the special commissioner conveyed to the appellee, Rice, the land of which he became the purchaser, and when the latter, nearly three years after the sale and its confirmation, conveyed the same for valu-

able consideration to Gideon Koiner. Under these circumstances parol evidence is inadmissible to add to or to vary the written contracts entered into by the purchasers of the various parcels of land when they respectively signed the written memoranda of sale which were returned by the commissioners with their report. "If the contract of the parties· be once reduced into writing," says Chitty, "whether it be a contract which is required by the statute of frauds to be in writing or not, verbal evidence is not allowed to be given of what passed between the parties, either before the written evidence was made or during the time that it was in a state of preparation, so as to vary or qualify the written contract. Thus, where there is a sale by auction and the contract is reduced into writing—as by the auctioneer signing a memorandum of the sale in a book which contains or refers to the catalogue and conditions of sale—evidence of verbal declarations by the auctioneer, varying the statements contained in the catalogue or conditions, are not admissible." 1 Chitty on Contracts (11th Amer. ed.), 153. "Whatever may have been the previous conversations and verbal communications between the parties if they at last reduce their agreement to writing, this will be looked upon to contain all that the parties intended should form any part of their bargain, and everything said respecting the transaction in the previous conversations and not incorporated into the written agreement will be considered as intentionally rejected." *Ibid.* 154, note and cases cited.

Nor is this all. The appellant by his purchase becomes a *quasi* party to the suit, and having silently stood by and allowed the sale to be confirmed without objection, making no complaint until after the land purchased by the appellee had been conveyed for value to a third party, he is not entitled to the interference of a court of equity for the correction of an alleged mistake, certainly not as against such third party. The paper, or the *addendum* to the report, called "the supplemental report," is no part of the commissioner's report, nor can it be properly treated as a part of the record at all. Consequently, when the

vendee of Rice looked to the proceedings in the cause to ascertain the condition of the latter's title, the record disclosed to him the fact that no such right was there reserved to the appellant as that for which he now contends. On the contrary, it showed that the sale had been confirmed upon the terms adver tised by the commissioners, and recognized and acted on by the purchasers. Upon these facts thus appearing, third persons had a right to rely. They were doubtless acted on in the present case, and the decrees complained of must be affirmed.

RICHARDSON and HINTON, Js., concurred in the opinion of LEWIS, P.

LACY, J., dissenting, said:

.I do not concur in the opinion of the majority just read, either in the statement of the facts of the case as there stated, or in the result arrived at.

The record shows in this case, page 13, that when the report of the special commissioners was made to the court, reporting the sale of the lands ordered to be sold, the report was signed by one commissioner, styling himself "acting special commissioner," and two others, and immediately following on the same piece of paper the following:

"Your commissioners further report, that as announced on the day of sale, and before the property was offered, there was reserved to the land, which was afterwards sold to and bought by S. P. Shirley, a right of way over the lands sold to and bought by John E. Rice on the east side of the Valley turnpike, beginning on said pike at the west corner of a ten-acre lot sold to Charles B. Rice at a gate, and running and extending thence by the side of the said lot of land sold to C. B. Rice, and a continued course to the lands sold S. P. Shirley as aforesaid, it being the same road used by Dr. J. W. Rice, deceased," and signed by the same special commissioner, who had in the said report styled himself acting special commissioner.

The report of the special commissioners was·confirmed, and the sales perfected, the court referring to the report as the report of " G. R. Calvert, E. E. Stickley (who had signed as acting special commissioner), and others."

When the deed was made to John E. Rice for his piece of land, no mention (by mistake) is made of this right of way, which had been used by the former owner, and which was reserved at the sale to him for the benefit of the purchaser, Shirley. I say it was omitted " by mistake," because the same special commissioner who made the sale, and who signed the report as acting special commissioner, and signed the report of the right of way, made the deed in question.

The said John E. Rice then denying the use of this right of way, the purchaser, Shirley, filed his petition in the cause asking to correct this mistake in the deed which Rice had taken advantage of. The court refused to allow the petition to be filed to correct this mistake, for the very illogical reason that the mistake had been cured; that is, to quote the language of the decree, "so far as it seeks to establish the right of S. Shirley to a way over the lands of Gideon Koiner, the same is not permitted to be filed, *because* the court is of opinion that the deed from Stickley, special commissioner, is conclusive of that matter. And the court doth recommit this cause, so far as the subject of the abatement of purchase money is concerned, to a master commissioner of this court, to take testimony and ascertain and report the value of the right of way, &c., and by what amount, if any, the purchase money above mentioned should be abated," &c. The petitioner had prayed that if the right of way *was denied* him he might have compensation. But the purchaser of this land, wanting the right of way, which it is conceded he bought, and not alternative compensation, filed a bill or petition to rehear this decree, and correcting his first petition in so far as it asked for the alternative compensation, if the right of way should be denied him, prayed now for the right of way which, it is not denied, he bought, this petition was rejected alto-

gether, and he appealed. I say it is conceded by the decree of the court that he had bought this right of way, when an order is made to ascertain its value in money to be abated from his purchase money. For if he had not bought it, why compensate him for the loss of it?

It is needless and of no force to say, this right of way is no where mentioned in the decree of sale, in the deed to the purchaser, in the advertisement of the sale, and here and there by long enumeration of parts of the record. If the right of way was actually bought by him along with his land; if proclamation was made by the selling auctioneer and the acting special commissioner, and it was sold to him and reserved out of the land sold to Rice and by him to Koiner, reported to and confirmed by the court; if it is his by virtue of his purchase, but he has been deprived of it by a mistake, which is too clear to be denied, then that mistake ought to be corrected and his right of way should be established, or he should be released altogether from his purchase; and that the deed to Rice or Koiner is not conclusive of any right of Shirley, which has been taken from him without his consent. In any view of the matter, if his claim is not conceded, he should at least be allowed an oppor- tunity to prove it. And I am of opinion that the decree com- plained of should be reversed and annulled, and the cause remanded to the circuit court to grant the relief prayed for.

FAUNTLEROY, J., concurred in the opinion of LACY, J.

DECREE AFFIRMED.